IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Steven McKenzie,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) **Civil Action No.** |
| **Discount Home Superstore, Inc., and** | ) |
| **John Pike, individually,** | ) ) |
| **Defendantss.** | ) |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Steven McKenzie (hereinafter, "Plaintiff" or "Mr. McKenzie"), by and through counsel, and for his Complaint against Defendants Discount Home Superstore, Inc, and John Pike (hereinafter referred to collectively as "Defendants"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages, overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Steven McKenzie is an adult resident of Memphis, Tennessee.

6. Defendant Discount Home Superstore, Inc. is a Tennessee-based corporation and may be reached for service through its registered agent, Frank C. Holloman, Esq. at 242 Poplar Avenue, Memphis, Tennessee 38103-1946.

7. Upon information and belief, Defendant John Pike is an adult resident of Memphis, Tennessee.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. Defendant Discount Home Superstore, Inc. is a Tennessee-based corporation, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendants.

10. Upon information and belief, Defendant John Pike is an adult resident of the State of Tennessee. Accordingly, this Court has personal jurisdiction over Defendant John Pike.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

12. On or about July 1, 2020, Defendants hired Plaintiff Steven McKenzie to work as a warehouse laborer at its location at 2880 Cargo Circle, Memphis, Tennessee 38118.

13. For the duration of his employment with Defendants, Mr. McKenzie worked from 8:00

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

a.m. to 5:00 p.m., with a half-hour break for lunch, Monday through Friday, 8:00 a.m. to 2:00 p.m. on Saturdays, without a break for lunch.

14. With rare exceptions, for the duration of his employment with Defendants, Mr. McKenzie worked 48.5 hours per week.

15. To Mr. McKenzie's knowledge, Defendant's had no mechanism for recording employee time; specifically, the company had no time clock and did not require employees to record their time electronically or in writing.

16. As a warehouse laborer, Mr. McKenzie was supervised and followed instructions provided by company owner. John Pike.

17. Mr. McKenzie's job duties did not involve the exercise of independent judgment or discretion with respect to matters of significance.

18. Mr. McKenzie's job duties did not involve the supervision or direction of other employees and he was not involved in hiring or firing decisions.

19. For the duration of Mr. McKenzie's employment with Defendants, he was paid weekly in an arbitrary amount, entirely unrelated to his work hours.

20. Mr. McKenzie's pay amount varied widely from week to week, although his work hours remained constant.

21. When Mr. McKenzie inquired to John Pike about why his pay varied and how his pay was calculated, he was provided no answers.

22. Mr. McKenzie's employment with Defendants ended on or about November 7, 2022.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Mr. McKenzie realleges and incorporates all allegations above as if actually set forth herein.

24. At all relevant times, Discount Home Superstore, Inc., was a covered "employer"

engaged in interstate "commerce" with two or more employees handling materials that had previously moved in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i).

25. At all relevant times, Defendants "employed" Mr. McKenzie within the meaning of the FLSA, 29 U.S.C. § 203.

26. Upon information and belief, at all relevant times, Discount Home Superstore, Inc. had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

27. At all relevant times, John Pike exercised the authority to: (a) hire and fire employees of Discount Home Superstore, Inc; (b) determine the work schedules of the employees of Discount Home Superstore, Inc; (c) determine the wages of the employees of Discount Home Superstore, Inc; and (d) control the finances and operations of Discount Home Superstore, Inc.

28. Given the level of control exerted over the operations of Discount Home Superstore, Inc, John Pike was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

30. The FLSA provides exemption from its wage-and-hour requirements for employees whose working conditions meet specific criterion. 29 C.F.R. § 541.

31. At all relevant times, Mr. McKenzie was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213, because he did not qualify for the executive, administrative or other exemptions from overtime under the FLSA.

32. For the duration of his employment, Mr. McKenzie was paid an arbitrary amount weekly,

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

wholly unrelated to the number of hours he worked.

33. For the duration of his employment, Defendants willfully failed and refused to pay Mr. McKenzie overtime premiums for all hours worked over forty in any given workweek.

34. As a result of Defendants' failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

35. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven McKenzie prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

        Respectfully submitted,

        _s/Philip Oliphant_____
        Alan G. Crone, TN Bar No. 014285
        Philip Oliphant, TN Bar No. 025990
        THE CRONE LAW FIRM, PLC
        88 Union Avenue, 14th Floor
        Memphis, TN 38103
        800.403.7868 (voice)
        901.737.7740 (voice)
        901.474.7926 (fax)
        acrone@cronelawfirmplc.com
        poliphant@cronelawfirmplc.com

        *Attorneys for Plaintiff*

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

## **DECLARATION AND VERIFICATION**

    I, **Steven McKenzie**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Steven McKenzie**

Date: 12 / 12 / 2022

Doc ID: c1a31ac441fde1802b6cbc891bb02995760cf62c

                                                          Audit trail

| | |
|---|---|
| Title | McKenzie revised Complaint |
| File name | McKenzie FLSA Complaint-.pdf |
| Document ID | c1a31ac441fde1802b6cbc891bb02995760cf62c |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**12 / 12 / 2022**
09:40:27 UTC-6
SENT

Sent for signature to Steven McKenzie (damckenzie4@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**12 / 12 / 2022**
17:43:36 UTC-6
VIEWED

Viewed by Steven McKenzie (damckenzie4@gmail.com)
IP: 107.133.94.129

**12 / 12 / 2022**
17:44:01 UTC-6
SIGNED

Signed by Steven McKenzie (damckenzie4@gmail.com)
IP: 107.133.94.129

**12 / 12 / 2022**
17:44:01 UTC-6
COMPLETED

The document has been completed.

Powered by Dropbox Sign